Marc S. Stern
1825 NW 65th Street
Seattle, WA 98117
(206) 448-7996
marc@hutzbah.com

Honorable Marc Barreca
Chapter 7
Location: Marysville

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

Jean Michale Guerin

        Debtor.

No. 18-10438-MLB

SUPPLEMENTAL AUTHORITY

Subsequently to filing of the Debtor's Response to Objections, *In Re: Belew* was decided by the 5th Circuit BAP. A copy of the decision is attached hereto.

Dated this September 7, 2018

                                      */s/ Marc S. Stern*
                                      Marc S. Stern
                                      WSBA 8194
                                      Attorney for Debtor

- 1
supp authority.wpd

**MARC S. STERN**
**ATTORNEY AT LAW**
**1825 NW 65TH STREET**
**SEATTLE, WA 98117**
**(206)448-7996**

United States Bankruptcy Appellate Panel

For the Eighth Circuit

_____

No. 18-6007
_____

In re: Johnny M. Belew, also known as John Belew, formerly doing business as Belew and Bell, Attorneys at Law

*Debtor*

------------------------------

Bianca Rucker

*Trustee - Appellant*

v.

Johnny M. Belew

*Debtor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: August 2, 2018
Filed: September 6, 2018

_____

Before SALADINO, Chief Judge, NAIL and SHODEEN, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Chapter 7 Trustee Bianca Rucker ("Trustee") appeals the March 5, 2018 order of the bankruptcy court[1] overruling her objection to Debtor Johnny M. Belew's ("Debtor") second amended claim of exemptions. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b). We affirm.

BACKGROUND

Debtor filed a petition for relief under chapter 7 of the bankruptcy code. Trustee assumed her duties shortly thereafter.

At the meeting of creditors, Debtor disclosed a debit account he had not disclosed on the schedules he filed with his petition. One week later, Debtor amended his schedules to disclose the debit account and claim it exempt.

Trustee's subsequent investigation led her to believe Debtor had additional assets he had not disclosed. This proved to be true, and Debtor eventually amended his schedules a second time to disclose and claim exempt a "Possible Equitable Interest" in his spouse's checking account, which Debtor valued at "Unknown," two "unpublished and unedited fiction manuscripts," which Debtor valued at $100.00, and a "Possible interest in cash held in a safe at Debtor's residence," which Debtor valued at "Unknown."[2]

---

[1]The Honorable Ben T. Barry, Chief Judge, United States Bankruptcy Court for the Eastern and Western Districts of Arkansas.

[2]In his original schedules and in both this amendment and his earlier amendment, Debtor availed himself of the federal exemptions listed in 11 U.S.C. § 522(b)(2).

Trustee objected to Debtor's second amended claim of exemptions. In her objection, Trustee alleged, *inter alia*, the second amended claim of exemptions was filed in bad faith and was prejudicial to Debtor's creditors and should therefore be disallowed. The matter was heard, and the bankruptcy court overruled Trustee's objection. In reaching its decision, the bankruptcy court relied on *Law v. Siegel*, 571 U.S. 415 (2014), for the proposition that federal law provides no authority for bankruptcy courts to deny an exemption on a ground that is not specified in the bankruptcy code. Trustee timely appealed.

Trustee identifies three issues in her opening brief. Two of these issues relate to the bankruptcy court's reliance on *Law*, which we discuss below. Trustee raises the third issue–whether the bankruptcy court erred in failing to correctly apply 11 U.S.C. § 522(g) (which allows a debtor to exempt property a trustee recovers on behalf of the estate, *if* the debtor did not voluntarily transfer or conceal the property)–for the first time on appeal. Because Trustee did not raise this issue before the bankruptcy court, we have not considered it on appeal. *Edwards v. Edmondson* (*In re Edwards*), 446 B.R. 276, 280 (B.A.P. 8th Cir. 2011) (discussion and citations therein), *aff'd*, 477 F. App'x 405 (8th Cir. 2012).

## STANDARD OF REVIEW

We review *de novo* the bankruptcy court's interpretation and application of the Supreme Court's decision in *Law*. *See Pierce v. Collection Assocs., Inc.* (*In re Pierce*), 779 F.3d 814, 817 (8th Cir. 2015) (conclusions of law are reviewed *de novo*).

## DISCUSSION

On behalf of a unanimous court, Justice Scalia framed the issue presented in *Law* as "whether a bankruptcy court . . . may order that a debtor's exempt assets be

-3-

used to pay administrative expenses incurred as a result of the debtor's misconduct[,]" *Law*, 571 U.S. at 417, and held a bankruptcy court may not.

> A bankruptcy court has statutory authority to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. And it may also possess inherent power . . . to sanction abusive litigation practices. But in exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions.
>
> It is hornbook law that [11 U.S.C.] § 105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code. Section 105(a) confers authority to carry out the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere. Courts' inherent sanctioning powers are likewise subordinate to valid statutory directives and prohibitions. We have long held that whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.
>
> Thus, the Bankruptcy Court's surcharge was unauthorized if it contravened a specific provision of the Code. We conclude that it did. Section 522 (by reference to California law) entitled [the debtor] to exempt $75,000 of equity in his home from the bankruptcy estate. And it made that $75,000 not liable for payment of any administrative expense. . . .
>
> The Bankruptcy Court thus violated § 522's express terms when it ordered that the $75,000 protected by [the debtor]'s homestead exemption be made available to pay [the

> trustee]'s attorney's fees, an administrative expense. In doing so, the court exceeded the limits of its authority under § 105(a) and its inherent powers.

*Law*, 571 U.S. at 420-23 (citations and quotation marks omitted).

The issue framed by Justice Scalia in *Law* is not the issue presented to the bankruptcy court in this case, *i.e.*, whether a bankruptcy court may deny an exemption on a ground that is not specified in the bankruptcy code. Had Justice Scalia said nothing more, *Law* would have had no bearing on the bankruptcy court's decision.

It has long been the law in the Eighth Circuit that a bankruptcy court may consider a debtor's bad faith and any prejudice to the debtor's creditors in determining whether to allow the debtor to amend his claim of exemptions.

> The general rule allows liberal amendment of exemption claims. However, the policy of freely allowing amendment, while the case is still open, is not an absolute and can be tempered by the actions of the debtor or the consequences to the creditors.
>
> The two recognized exceptions to this rule are bad faith on the part of the debtor and prejudice to the creditors.

*Kaelin v. Bassett* (*In re Kaelin*), 308 F.3d 885, 889 (8th Cir. 2002) (citations omitted). That is precisely what Trustee asked the bankruptcy court to do in this case.

Justice Scalia, however, had more to say in *Law*.

> [Trustee] points out that a handful of courts have claimed authority to disallow an exemption (or to bar a debtor from amending his schedules to claim an exemption, which is

-5-

much the same thing) based on the debtor's fraudulent concealment of the asset alleged to be exempt. He suggests that those decisions reflect a general, equitable power in bankruptcy courts to deny exemptions based on a debtor's bad-faith conduct. For the reasons we have given, the Bankruptcy Code admits no such power. It is of course true that when a debtor claims a state-created exemption, the exemption's scope is determined by state law, which may provide that certain types of debtor misconduct warrant denial of the exemption. . . . But federal law provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code.

*Law*, 571 U.S. at 425 (citations and italics omitted). Inasmuch as a debtor's right to amend his claim of exemptions was not the issue in *Law*, Justice Scalia's additional commentary would seem to be *dicta*.[3] *See Gray v. Warfield* (*In re Gray*), 523 B.R. 170, 174 (B.A.P. 9th Cir. 2014).

Like the bankruptcy court, we are thus placed in the unenviable position of having to determine whether the bankruptcy court was bound by the Supreme Court's *dicta* in *Law* or by the Eighth Circuit Court of Appeals' holding in *Kaelin*. At first blush, this might appear to be an easy decision. However, not all *dicta* are created equal.

---

[3]Not every court agrees. *See, e.g.*, *U.S. v. Ledee*, 772 F.3d 21, 29 n.10 (1st Cir. 2014) (noting *Law* "held" bankruptcy courts do not have a general, equitable power to deny exemptions based on a debtor's bad faith); *Clabaugh v. Grant* (*In re Grant*), 658 F. App'x 411, 414 (10th Cir. 2016) (stating *Law* "held" the bankruptcy code does not give bankruptcy courts the power to deny exemptions based on a debtor's bad faith; and *McFarland v. Wallace* (*In re McFarland*), 790 F.3d 1182, 1185 (11th Cir. 2015) (citing *Law* for the proposition that bankruptcy courts may not refuse to honor an exemption absent a valid statutory basis for doing so, without discussing whether Justice Scalia's comments were *dicta*).

-6-

> This court and others have held that federal courts are bound by the Supreme Court's considered dicta almost as firmly as by the Court's outright holdings, particularly when ... [the dicta] is of recent vintage and not enfeebled by any [later] statement.
>
> Although panels have held that federal courts are bound by Supreme Court dicta, this goes too far. Appellate courts should afford deference and respect to Supreme Court dicta, particularly where, as here, it is consistent with longstanding Supreme Court precedent.

*In re Pre-Filled Propane Tank Antitrust Litigation*, 860 F.3d 1059, 1064 (8th Cir. 2017) (quotation marks omitted).

Bearing these principles in mind, we conclude *Kaelin* has been abrogated by *Law*. Justice Scalia could not have been more clear: A bankruptcy court has no authority under federal law to deny an exemption on a ground not specified in the bankruptcy code. Whether Justice Scalia's words are *dicta* or not, and if they are *dicta*, whether we are "bound" by them or are only required to afford them deference and respect, we cannot ignore the Supreme Court's unambiguous statement of the law.

The Sixth and Ninth Circuit Courts of Appeals have reached much the same conclusion. *See Ellmann v. Baker* (*In re Baker*), 791 F.3d 677, 683 (6th Cir. 2015); *Lua v. Miller* (*In re Lua*), 692 F. App'x 851, 852 (9th Cir. 2017). Prior to *Law*, the law in both circuits was similar to that in the Eighth Circuit. In the Sixth Circuit, bankruptcy courts could refuse to allow an amendment if the debtor had acted in bad faith or had concealed property. *Lucius v. McLemore* (*In re Lucius*), 741 F.2d 125, 127 (6th Cir. 1984). In the Ninth Circuit, bankruptcy courts could deny a debtor leave to amend on a showing of bad faith or prejudice to creditors. *Martinson v. Michael* (*In re Michael*), 163 F.3d 526, 529 (9th Cir. 1998). That changed soon after *Law* was decided.

> [I]t is clear that [*Law*] prohibits the bankruptcy court from disallowing the debtors' claimed exemptions because of their alleged bad faith and fraudulent conduct. While *Lucius* previously held that bankruptcy courts may use their equitable powers to sanction a debtor's misconduct by disallowing exemptions in property concealed from the trustee, the Supreme Court's superseding decision unambiguously abrogates their ability to do so. Some courts have characterized these principles in [*Law*] as mere dictum, but this court has explained that lower courts are obligated to follow Supreme Court dicta, particularly where there is not substantial reason for disregarding it, such as age or subsequent statements undermining its rationale. No such reason in favor of disregarding [*Law*] exists here, and many lower courts—including nearly all that have identified the language above as dictum—have adhered to [*Law*]'s pronouncements. Indeed, another panel of this court, while declining to rely on [*Law*] to reverse a bankruptcy court's disallowance of an amendment, explained that [*Law*] strongly suggests that the bankruptcy court exceeded its authority when it disallowed an amendment based on prejudice to creditors—a ground absent from the Bankruptcy Code. Thus, to the extent *Lucius* conflicts with [*Law*], the Supreme Court has effectively overruled it.

*Baker*, 791 F.3d at 682-83 (citations, quotation marks, and brackets omitted). *See Lua*, 692 F. App'x at 852 (recognizing *Michael* had been abrogated by *Law*).

Trustee has pointed us to only one case, *In re Woolner*, Bankr. No. 13-57269, 2014 WL 7184042 (Bankr. E.D. Mich. Dec. 15, 2014), in which the court declined to follow *Law* and sustained a trustee's objection to a debtor's amended claim of exemptions based on the debtor's bad faith. That case has since been abrogated by *Baker*, 791 F.3d at 682, and we have not discovered any others.

On the other hand, any number of cases have interpreted and applied *Law* to overrule a trustee's objection to a debtor's amended claim of exemptions when the trustee's objection was based on the debtor's bad faith or other non-statutory grounds. *See*, *e.g.*, *In re Hoover*, 574 B.R. 413, 418 n.5 (Bankr. D. Mass. 2017) (collecting cases).

## CONCLUSION

Having reviewed the matter *de novo*, we agree with the bankruptcy court: A bankruptcy court has no authority under federal law to deny a debtor's claim of exemptions on a ground that is not specified in the bankruptcy code. Consequently, we affirm the bankruptcy court's order overruling Trustee's objection to Debtor's second amended claim of exemptions.

———————————